UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                              :
ANGEL LOPEZ, VICTOR REMIREZ, and                              :
RUFINO SANTIAGO, on behalf of themselves,                     :
FLSA Collective Plaintiffs and the Class,                     :
                                                              :          OPINION & ORDER
          Plaintiffs,                                         :
                                                              :          13 CV 4490 (HB)
          -against-                                           :
                                                              :
PIO PIO NYC, INC., SIPAN RESTAURANT                           :
OF NEW YORK, INC., PIO PIO OCHO, INC.,                        :
PIO PIO 34, INC., PIO PIO 85, INC., PIO PIO                   :
EXPRESS, INC., MOCHICA GROUP CORP.,                           :
POLLO A LA BRASA, PIO, PIO, INC.,                             :
PIO-PIO RESTAURANT, INC., INES                                :
YALLIOC, and AUGUSTO YALLICO,                                 :
                                                              :
          Defendants.                                         :
------------------------------------------------------------------X

**Hon. HAROLD BAER, JR., District Judge:[1]**

      Employees at the "Pio Pio" chain of Peruvian restaurants claim that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and New York Labor Law ("NYLL"), N.Y. Lab. L. § 190, *et seq.*, by failing to pay appropriate minimum wage, overtime wages, wages for off-the-clock work, and spread of hours wages. Defendants move to dismiss the claims against Ines Yallico and six of the corporate defendants, arguing that they were not employers of the Plaintiffs. Defendants also move to dismiss Plaintiffs' claim that Defendants violated the requirements for a tip credit under the FLSA and NYLL. Defendants' motion is DENIED in its entirety. Plaintiffs' motion to certify this case as a class action is *sub judice*.

## Background

      The Pio Pio brand includes eight restaurants located throughout New York City, all of which serve Peruvian food. The Plaintiffs in this action worked at three of the restaurants, and include three tipped employees who served as deliverymen and two non-tipped employees who

---

[1] Katia Asche, a third-year student at Fordham Law School and a Spring 2014 intern in my Chambers, provided substantial assistance in researching this opinion.

were line cooks. They sue on behalf of themselves as well as other similarly situated employees. Defendants include nine corporations, eight of which manage individual restaurants and one of which, Mochica Group Corp., wholly owns and operates the restaurants at all eight locations. The individual defendants are Augusto Yallico, the "Chairman or CEO" for all the corporate entities, and Ines Yallico, his wife, who Plaintiffs allege to be a "principal and controlling member" of all eight operating restaurants. (2d. Am. Compl. ¶¶ 21-22.)

This motion challenges a claim by the three "tipped Plaintiffs," Angel Lopez, Victor Ramirez, and Delfino Flores De La Cruz. Lopez and Ramirez served as deliverymen for the Upper East Side and Murray Hill locations. They allege that they were paid fixed wages of $120 per week and worked 6 or 7 day weeks of 12 to 13 hours per day, amounting to between $1.32 and $1.67 per hour. (*Id.* at ¶ 37-38.) Both men say that after January 2013, they were given checks that "fraudulent[ly]" indicated hourly pay at a rate of $7.25 per hour for Mr. Lopez and $5.25 for Mr. Ramirez when in fact their schedules and weekly pay had not changed. (*Id.*) Delfino Flores De La Cruz was a deliveryman at the Upper East Side location for part of the relevant period, during which he is alleged to have worked 12 hour days for 5 days per week and was paid $250 to $350 weekly, amounting to between $4.16 and $5.80 per hour. (*Id*. at ¶ 39.) Plaintiffs allege that these Plaintiffs and other delivery people were required to perform non-tipped tasks including washing dishes, chopping lettuce, packaging takeout, and cleaning and stocking food items for more than two hours per day or 20% of their working time. (*Id.* at ¶¶ 37(ii), 38(ii), 44.)

## Discussion

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court is instructed to treat all facts in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Kassner v. 2nd Avenue Delicatessen*, 496 F.3d 229, 237 (2d Cir. 2007). The factual allegations need not be detailed, but "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 545.

### A. Tip credit violations

Both the FLSA and NYLL allow employers to pay employees who customarily receive tips less than the minimum wage if tips bring their total compensation above the minimum. 29 U.S.C. § 203(m); 12 N.Y.C.R.R. § 146-1.3. In order to do so, employers must meet certain other requirements, including notifying employees about the law and their intention to apply a tip credit. *Nicholson v. Twelfth St. Corp.*, 09 CIV. 1984, 2010 WL 1780957, at *2 (S.D.N.Y. May 4, 2010). Each of the Plaintiffs was allegedly paid less than minimum wage during some part of their employment. Although tipped employees like Lopez, Ramirez, and De La Cruz received tips in addition to their wages, Plaintiffs argue that Defendants cannot meet the tip credit requirements of the FLSA or NYLL because (1) the reduction in pay would exceed the maximum possible tip credit allowance under the NYLL; (2) they did not give notice of a tip credit as required by the  FLSA or NYLL; (3) they did not provide proper wage statements informing tipped employees of the amount of tip credit taken for each pay period under the NYLL; (4) they required tipped employees to perform non-tipped tasks unrelated to their primary duties for more than 20% of their working time; and (5) they failed to maintain daily records of tips received by tipped employees as required by the NYLL.  (*Id.* at ¶ 47.)

Defendants argue that the tip credit claim is inconsistent with other allegations and incomplete because Plaintiffs do not allege that Defendants intended to take a tip credit. While Plaintiffs' tip credit allegations may well prove to be unnecessary once the factual record of this case is developed, it would be premature to foreclose such claims at this stage.

Defendants also argue that Plaintiffs fail to allege with sufficient particularity that they spent more than 20% of their time engaged in un-tipped work. I need not reach this argument since even if Plaintiffs don't prove sufficient time in un-tipped work, Plaintiffs allege that Defendants failed to give the requisite notice to their employees of any statutory tip credit taken. (2d. Am. Compl. ¶ 43.) *See* 29 U.S.C.A. § 203(m); 12 N.Y.C.R.R. § 146-1.3; *Benavidez v. Plaza Mexico, Inc.*, 09 CIV. 5076, 2014 WL 1133446 at *14 (S.D.N.Y. Mar. 21, 2014) (holding that under the FLSA and NYLL, "plaintiffs [were] entitled to recover the full minimum wage, because the defendants did not provide notices to the plaintiffs about the tip credit rate"). Defendants maintain that these allegations hew too closely to the language of the statute, but it is difficult to imagine what details Plaintiffs are meant to supply about the inaction of Defendants.

### B. Defendants' status as employers

Defendants argue that the complaint fails to allege that all of the Defendants were Plaintiffs' employers under the FLSA and NYLL. The definitions of an employer under the two statutes are generally treated as coextensive. *Hart v. Rick's Cabaret Int'l, Inc.*, 967 F. Supp. 2d 901, 940 (S.D.N.Y. 2013). The "economic reality" test is applied, to wit, did the putative employer have either formal or functional control over the employee. *See Zheng v. Liberty Apparel Co. Inc.*, 355 F.3d 61, 71 (2d Cir. 2003).  Factors that are considered to evaluate formal control include "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Barfield v. New York City Health & Hospitals Corp.*, 537 F.3d 132, 142 (2d Cir. 2008) (quoting *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984)). Factors that suggest functional control include "(1) whether the alleged employer's premises and equipment were used for the Plaintiffs' work; (2) whether Plaintiffs shifted from one putative joint employer's premises to that of another; (3) the extent to which the work performed by Plaintiffs was integral to the overall business operation; (4) whether Plaintiffs' work responsibilities remained the same regardless of where they worked; (5) the degree to which the alleged employer or its agents supervised Plaintiffs' work, and (6) whether Plaintiffs worked exclusively or predominantly for one Defendant." *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 11 CIV. 6658, 2012 WL 3886555, at *10 (S.D.N.Y. Sept. 6, 2012) (internal quotations omitted). However, "[n]o one factor is dispositive; a court is 'free to consider any other factors it deems relevant.'" *Id.*, *quoting Zheng,* 355 F.3d at 71–72.

### 1. Ines Yallico

Defendants assert that the allegations about Mrs. Yallico are too threadbare and conclusory to meet the economic reality test. For an individual officer or manager to be held personally responsible as an employer, they must have "some degree of individual involvement…that affects employment-related factors such as workplace conditions and operations, personnel, or compensation." *Irizarry v. Catsimatidis*, 722 F.3d 99, 109 (2nd Cir. 2013). Plaintiffs allege that Mrs. Yallico was the General Manager of all of the restaurants, was charged with ensuring employees properly prepared food and served customers, had the authority to alter the terms of the Plaintiffs' employment, received complaints from employees

regarding the terms of their employment, set wage and hour policies at all the restaurants, and informed Plaintiff Lopez of his compensation rate. (2d Am. Compl. ¶ 21-23, 37.)  Accepting these allegations as true, as I must, they more than demonstrate that Mrs. Yallico was individually involved in shaping the employment conditions of the Plaintiffs.

### 2. Corporate Defendants

Defendants argue that only the corporate entities that directly employed the named Plaintiffs can be held responsible as employers. They assert that all claims should be dismissed against the five sister restaurants and parent company Mochica Group Corp. Plaintiffs argue that all of the Defendants can be held responsible using the single integrated enterprise theory, which allows an "employee, who is technically employed on the books of one entity, which is deemed to be part of a larger 'single-employer' entity, [to] impose liability for certain violations of employment law not only on the nominal employer but also on another entity comprising part of the single integrated employer." *Arculeo v. On–Site Sales & Mktg., LLC*, 425 F.3d 193, 198 (2d Cir.2005) (applying theory in Title VII context). "In determining whether multiple defendants constitute a single employer, courts consider the following factors: (1) interrelation of operations; (2) centralized control of labor relations; (3) common management; and (4) common ownership or financial control." *Perez v. Westchester Foreign Autos, Inc.*, 11 CIV. 6091, 2013 WL 749497, at *7 (S.D.N.Y. Feb. 28, 2013) (citing *Cook v. Arrowsmith Shelburne, Inc.*, 69 F.3d 1235, 1240 (2d Cir. 1995)).

While the Second Circuit has yet to rule on whether the "integrated enterprise / single employer doctrine" is applied in FLSA cases, the "shared policy concerns underlying the…doctrine and the FLSA" urge the theory's application to FLSA claims. *Chen v. TYT E. Corp.*, 10 CIV. 5288, 2012 WL 5871617, at *3 (S.D.N.Y. Mar. 21, 2012). Absent a clear resolution of this issue, district courts have discretion to consider the theory because the Second Circuit "has treated employment for FLSA purposes as a flexible concept to be determined on a case-by-case basis by review of the totality of the circumstances." *Barfield,* 537 F.3d at 141-42.

Other courts in this district have considered multiple separately-incorporated locations of a business as an integrated enterprise for FLSA purposes. In *Perez*, Plaintiffs adequately alleged an integrated enterprise by showing that twenty car dealerships owned by a single parent company were jointly operated, held out as a single "family-owned group of automotive dealerships," and that a single employee handbook was provided to employees at all of the

dealerships. 11 CIV. 6091, 2013 WL 749497, at *7-*8. In *Bravo v. Established Burger One LLC*, five locations of the restaurant Good Burger were properly alleged to be a single integrated enterprise because they "jointly advertised on the website www.goodburgerny.com, marketed the restaurants as one entity, used the same menus at all the locations, moved employees and food among the restaurants, and paid the employees using the same payroll methods from a central office." *Bravo v. Established Burger One, LLC*, 12 CIV. 9044, 2013 WL 5549495, at *1 (S.D.N.Y. Oct. 8, 2013). As in these cases, the Pio Pio chain of restaurants is allegedly held out as a single entity, and jointly managed by common owners who determine employment policies. At oral argument, Defendants also raised the recent case *Santana v. Fishlegs, LLC*, in which five restaurants in the David Burke Group of restaurants were held not to be the employers of workers from two of their sister restaurants. 13 CIV. 01628, 2013 WL 5951438, at *8 (S.D.N.Y. Nov. 7, 2013). However, that case is inapposite, since the court there viewed Plaintiffs as having pled claims only against the individual restaurants where they respectively worked and did not apply the integrated enterprise theory. *Id.*

Here, Plaintiffs allege all of the elements of an integrated enterprise. They allege common management, ownership, and financial control by stating that all eight restaurants were wholly owned and actively controlled by Mr. and Mrs. Yallico through Mochico Group Corp. and that the Yallicos "control each of the managers at each of the Pio Pio restaurants" and "set all… wage and hour policies." (2d. Am. Compl. ¶ 23.) They allege interrelation of operations because the restaurants are marketed jointly on the same website, honor the same gift cards, have the same logo, similar menus, and a single email address. (*Id.*) Plaintiffs also allege that the restaurants "all use interchangeable supplies" and that "[e]mployees are interchangeable and have been shifted among the Pio Pio restaurants." (*Id.*) Finally, the allegations that the Yallicos centrally determined the wage and hour policies for all the restaurants, personally received complaints from employees at any of the restaurants, and held the authority to hire and fire them and alter their schedules and compensation, displays centralized control of labor relations. (*Id* at ¶ 22-23.) Considering the allegations as a whole, Plaintiffs have shown that Defendants function as a single integrated employer of the Plaintiffs and are properly included as defendants in this action.

**Conclusion**

For the foregoing reasons, Defendant's motion to dismiss is DENIED in its entirety. The Clerk of Court is directed to close this motion and remove it from my docket.


**SO ORDERED.**


**Date:** _____

**New York, New York**                          _____

                                                **HAROLD BAER, JR.**

                                                **United States District Judge**

## Conclusion

For the foregoing reasons, Defendant's motion to dismiss is DENIED in its entirety. The Clerk of Court is directed to close this motion and remove it from my docket.

**SO ORDERED.**

**Date:** _____
**New York, New York**

_____
**HAROLD BAER, JR.**
**United States District Judge**